IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID TAWIL, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ILLINOIS TOOL WORKS INC. and SOUTH/WIN LTD.,<br><br>    Defendants. | No. 15 C 06808<br><br>Judge John J. Tharp, Jr. |

## MEMORANDUM OPINION AND ORDER

David Tawil filed this action, individually and on behalf of a putative class of New Jersey consumers, against Illinois Tool Works Inc. ("ITW") and South/Win Ltd. ("South/Win"), alleging violations of the New Jersey Products Liability Act ("PLA"), N.J. Stat. Ann. § 2A:58C et seq., and the New Jersey Consumer Fraud Act ("CFA"), N.J. Stat. Ann. § 56:8-1 et seq., for (I) failure to warn, (II) design defect, and (III) consumer fraud. The claims are based on Tawil's purchase and use of the defendants' product, Rain-X (windshield washer fluid), and the alleged damage to Tawil's electronic windshield washer fluid sensors. Now before the Court is the defendants' motion to transfer venue to the District of New Jersey, pursuant to 28 U.S.C. § 1404(a). Dkt. 17. Because the Court agrees with the defendants that the convenience of the parties and witnesses, and the interests of justice, would be served by a transfer of this case to the District of New Jersey, the defendants' motion is granted.

## BACKGROUND

Tawil is a citizen and resident of New Jersey. Compl. ¶ 5, Dkt. 1. ITW is a Delaware corporation headquartered in Glenview, Illinois. *Id*. ¶ 6. Global Brands, a division of ITW headquartered and with its principal place of business in Houston, Texas, is responsible for the

creation, marketing, and licensing of Rain-X. Mem. in Supp. Ex. 1 ¶¶ 2, 6, 8-9, Dkt. 18.[1] South/Win licenses from ITW the right to manufacture and distribute Rain-X; it is a North Carolina corporation headquartered in Greensboro, North Carolina. *Id.* ¶ 10; Compl. ¶ 7.

Tawil purchased Rain-X in New Jersey to use in his Volkswagen GTI. Compl. ¶ 37. After his low fluid warning light appeared in February 2015, Tawil took his vehicle to a Volkswagen dealer (the Complaint does not specify where the dealer is located), who advised him that Rain-X had created a build-up on the sensor that prevented accurate readings and caused the low-fluid warning light to appear. *Id.* ¶ 39. Tawil brought suit in the Northern District of Illinois, asserting claims under the New Jersey PLA for design defect and failure to warn and under the New Jersey CFA for failure to disclose Rain-X's alleged incompatibility with certain vehicles, on behalf of a proposed class of "[a]ll persons with vehicles that are equipped with continuity prong windshield washer fluid sensors who purchased Rain-X in New Jersey." *Id.* ¶ 41.

Despite the fact that Tawil does not live in Illinois, that the material events of his allegations occurred outside of Illinois, and that the class he proposes to represent does not include any Illinois residents or allege any Illinois state law claims, he chose to file his proposed class action in the Northern District of Illinois. The defendants contend that this action should be transferred to the District of New Jersey because that is where Tawil and the proposed class reside and where the material events of this case occurred, that New Jersey has the paramount public interest in resolving Tawil's New Jersey consumer protection claims asserted on behalf of

---

[1] Tawil did not respond to or dispute any of the statements in the declarations attached to the defendants' Memorandum in Support of the Motion to Transfer. For the purpose of this motion, the Court will consider the undisputed statements in the defendants' declarations. *Cf. Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the [plaintiff has] done here—results in waiver.").

2

a New Jersey class, and that the private interests of the parties and the witnesses support litigating this matter in New Jersey. Mem. in Supp. at 2. Tawil responds that the Court should deny the motion to transfer for two reasons: (1) he plans to amend his Complaint to add three additional named plaintiffs—from Pennsylvania, Massachusetts, and New York (notably *not* Illinois), and adding as class members consumers who purchased Rain-X in those states; and (2) New Jersey is not more convenient for the defendants, because the plaintiff contends that the defendants are merely forum shopping. Resp. at 1-2, Dkt. 26.

## DISCUSSION

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404 (West 2015). Transfer of venue under § 1404(a) is proper if the moving party demonstrates that (1) venue is proper in both the transferee and transferor courts; (2) transfer is for the convenience of the parties or witnesses (the "private interest" factors); and (3) transfer is in the interest of justice (the "public interest" factors). *Rorah v. Petersen Health Care*, No. 13 C 01827, 2013 WL 3389063, at *1 (N.D. Ill. July 8, 2013). Although merely shifting the inconvenience between parties is not a sufficient basis for transfer in cases that are a close call, *id.* at *2, "[d]istrict courts have broad discretion in the interpretation and weighting of the[ ] factors." *Bjoraker v. Dakota, Minn. & E. R.R. Corp.*, No. 12 C 7513, 2013 WL 951155, at *2 (N.D. Ill. Mar. 12, 2013). The moving party bears the burden of establishing that the transferee forum is "clearly more convenient." *Id.*

The parties agree that venue is proper both in this Court as well as in the District of New Jersey. Mem. in Supp. at 2; Resp. at 4 n.1. The operative question before the Court, then, is whether the transferee forum (New Jersey) is superior to the transferor forum (Illinois) when considering both the private and the public interests at stake.

### I.     Private Interest Factors

"'In evaluating [private interest factors], the court considers: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties.'" *Rorah*, 2013 WL 3389063, at *2 (quoting *St. Paul Fire & Marine Ins. Co. v. Brother Int'l Corp.*, No. 05 C 05484, 2006 WL 1543275, at *1 (N.D. Ill. June 1, 2006)) (brackets in original). As explained below, the defendants have met their burden of establishing that the transferee forum is more convenient.

#### A.     The Plaintiff's Choice of Forum

Although the plaintiff's choice of forum is generally given substantial weight, *see Wright v. Godinez*, No. 12 C 5037, 2012 WL 5342366, at *2 (N.D. Ill. Oct. 26, 2012), that is not the case where the plaintiff is not a resident of that forum, the plaintiff sues as a class representative, or the conduct giving rise to the lawsuit did not "conclusively arise" in the chosen forum. *Rorah*, 2013 WL 3389063, at *3 (quoting *Leuders v. 3M Co.*, No. 08 C 2457, 2008 WL 2705444, at *2 (N.D. Ill. July 9, 2008)). Here, none of these factors points to deference to the plaintiff's choice of forum: Tawil is not an Illinois resident, he is suing as a class representative, and, so far as the Complaint alleges, all of the relevant actions (the purchase and use of Rain-X) occurred outside of Illinois. Accordingly, this factor carries no weight in favor of Illinois.

#### B.     The Situs of Material Events

The material events relevant to Tawil took place in New Jersey; Tawil does not dispute that New Jersey is where the alleged misrepresentations and omissions occurred and where Tawil suffered injury. Resp. at 7. Rather, in arguing that New Jersey is not the situs of material events, Tawil points to the hypothetical Amended Complaint that he has not filed, and did not include with his response, asserting that the events relevant to the other plaintiffs' hypothetical

claims took place in their respective states, not New Jersey (but not Illinois, either). *Id*. The Court cannot and will not consider hypothetical claims that are not before it.[2] *Cf. Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) ("Federal courts may not . . . give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'"); *Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982) ("[Courts] do not sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [it]."). As the only events presently before this Court took place in New Jersey, this factor weights in favor of transfer.

      **C.**      **Ease of Access to Sources of Proof**

The parties contend that the sources of proof in this case include documentary evidence related to the formulation, packaging, licensing, manufacturing, distribution, and sale of Rain-X, all of which are located outside of Illinois, either in Texas (at Global Brands' headquarters) or in North Carolina (at South/Win's headquarters). Mem. in Supp. at 12; Resp. at 7. Both parties admit, however, that such documentary evidence is easily transferred and, as such, its physical location is given little significance. *See* Mem. in Supp. at 11-12; Resp. at 7-8; *Rorah*, 2013 WL 3389063, at *3. The physical evidence—Tawil's allegedly damaged Volkswagen and sensor (and, presumably, the Volkswagen dealer Tawil visited)[3]—are located in New Jersey. Tawil argues that this physical evidence is not relevant to the class claims and should be disregarded and, even if relevant, the physical evidence pertaining to the hypothetical, soon-to-be-added plaintiffs is outside of New Jersey. Again, the Court will disregard any arguments based on

---

[2] Even if the Court did consider this line of argument to which Tawil resorts throughout his response, the "prospective plaintiffs" all hale from states in the Northeast—Pennsylvania, Massachusetts, and New York. This certainly is not evidence that Illinois would be a more convenient forum, when these states either border or are far closer to New Jersey than Illinois.

[3] Although the Complaint does not state that the Volkswagen dealer is located in New Jersey, the defendants assume as much in their motion, *see* Mem. in Supp. at 12-13, and Tawil does not dispute that assumption. Resp. at 9.

5

hypothetical claims not presently before the Court. As to Tawil's car and sensor, this evidence is potentially relevant to pre-class certification motions. *See* Reply at 12 n.6 (citing *Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008) (permissible to move for summary judgment as to named plaintiff before class certification)). Accordingly, this factor weights in favor of transfer.

### D. Convenience to Witnesses and Parties

Neither Illinois nor New Jersey appears to be particularly convenient or inconvenient for the parties; Tawil resides New Jersey but is clearly willing to travel to Illinois. Conversely, South/Win has an independent consultant who resides in Illinois but will voluntarily appear in New Jersey. Mem. in Supp. at 14 n.5. Convenience to the parties is, thus, a neutral factor. As to witnesses, Tawil again raises the locations of the phantom mechanics who may or may not have serviced the hypothetically damaged vehicles of purportedly soon-to-be-named plaintiffs. Tawil conclusorily asserts that these hypothetical witnesses are located in the respective states of the "prospective plaintiffs." Resp. at 9 and n.8 (noting the caveat that such hypothetical mechanics might not even exist if the prospective plaintiffs did not service their vehicles). The only non-party witness actually identified, however (the Volkswagen serviceperson who examined Tawil's vehicle), resides in New Jersey. Moreover, the class members that Tawil proposes to represent, those "who purchased Rain-X windshield washer fluid in New Jersey," are most likely in New Jersey, or relatively nearby. *See Sickman v. Asset Recovery Sols., LLC*, No. 14 C 9748, 2015 WL 1911431, at *3 (N.D. Ill. Apr. 27, 2015) ("In considering the convenience of the parties, the court is most concerned with the convenience of the putative class members whom plaintiff seeks to represent."). This factor, therefore, weights in favor of transfer.

## II. Public Interest Factors

In balancing the public interest, also known as the "interest of justice," courts consider "the efficient administration of justice, the court's familiarity with the relevant law, and whether the jurors in a particular district have a stake in the outcome of the litigation." *Leuders*, 2008 WL 2705444, at *3. The balance of the public interest factors may be determinative, "warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The defendants have established that the public interest factors also weight in favor of transfer.

### A. The Efficient Administration of Justice

In evaluating the relative efficiency of the competing fora, courts consider statistics comparing the time from filing a case to disposition and the time from filing to trial. *See Nero v. Am. Family Mut. Ins. Co.*, No. 11 C 1072, 2011 WL 2938138, at *4 (N.D. Ill. July 19, 2011). As of June 13, 2015, the median time from filing to disposition for civil cases in the Northern District of Illinois was 7.3 months, compared to 7.8 months in the District of New Jersey. Mem. in Supp. at 8 and n.3 (citing U.S. District Courts – Federal Court Management Statistics – Comparison Within Circuit, June 30, 2015, available at: http://www.uscourts.gov/statistics-reports/caseload-statistics-data-tables). This difference between the districts is negligible. Regarding time from filing to time to trial, for civil cases in the Northern District of Illinois it was 33 months, compared to 41.5 months in the District of New Jersey. Mem. in Supp. at 9 n.4. The parties dispute the relevance of this difference, the defendants asserting that class action cases rarely reach trial, so the time to trial delay in New Jersey is insignificant, *id*. (citing *Qurio Holdings, Inc. v. DISH Network Corp.*, No. 14 C 7504, 2015 WL 536002, *4 (N.D. Ill. Feb. 9,

7

2015) ("only a miniscule percentage of [cases] go to trial")), and Tawil responding that such an argument is merely self-serving. Resp. at 10-11. This, too, is a relatively minor difference of eight and a half months and is not necessarily a meaningful statistic, considering it "'consist[s] of averages for cases of all types and tell the reader nothing about cases of the particular type at issue.'" *Fed. Trade Comm'n v. Acquinity Interactive, LLC*, No. 13 C 5380, 2014 WL 37808, at *5 (N.D. Ill. Jan. 6, 2014) (quoting *Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.,* 598 F.Supp.2d 836, 841 (N.D. Ill. 2009)). On the whole, this factor is relatively neutral but weights slightly in favor of denying transfer.

      **B.**      **The Court's Familiarity with the Relevant Law**

The Complaint before this Court alleges three claims, all of which are based on New Jersey state-law. Compl. ¶¶ 50-70. "'In a diversity action it is . . . considered advantageous to have federal judges try a case who are familiar with the applicable state law.'" *Nero*, 2011 WL 2938138, at *4 (quoting *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 221 (7th Cir. 1986)). While federal judges routinely interpret law from a wide variety of jurisdictions, the judges in the District of New Jersey are more likely to be familiar with New Jersey law than federal judges in Illinois, particularly "in interpreting state statutes such as the New Jersey Consumer Fraud Act that reflect and are designed to implement the state's consumer protection policy." *Sub-Micron Sys., Inc. v. Sub-Micron Surfacing, Inc.*, No. 93 C 3295, 1993 WL 524273, at *11 (N.D. Ill. Dec. 10, 1993); *see Nero*, 2011 WL 2938138, at *4 (granting § 1404(a) transfer because the "District of Colorado has far greater familiarity than this District with [Colorado state-law]"). As already repeatedly noted, Tawil's invocation of other prospective plaintiffs' and their respective state-laws is unavailing. *See* Resp. at 11 ("The relevant law for the proposed multi-state class would

be Pennsylvania, Massachusetts, New Jersey, and New York."). Accordingly, this factor favors transfer to the forum familiar with the state law in which it sits.

### C. The Interest of Jurors in the Forum

While jurors in Illinois have little to no interest in the outcome of New Jersey consumer protection and product liability claims, New Jersey residents and consumers undoubtedly have a more significant interest in the outcome of this case. Moreover, the class Tawil proposes to represent consists predominately of New Jersey consumers. This factor weights heavily in favor of transfer.

### III. Forum Shopping

The balance of private and public interest factors discussed above overwhelmingly weights in favor of transfer. Notwithstanding this decisive tilt, the plaintiff speculates that the defendants are "forum shopping" because the Third Circuit, which includes New Jersey, has adopted a heightened ascertainability standard for class certification that the Seventh Circuit, which includes Illinois, has expressly rejected. But the plaintiff puts no meat on that bone; he offers no reason to believe that a heightened ascertainability standard for class certification will have any effect on class certification in this case. His failure to elaborate on the putative class's potential vulnerability to an ascertainability challenge is perhaps understandable, but it also renders his argument wholly speculative and unconvincing, particularly in juxtaposition to the heavy weighting of other private and public interest factors in favor of transfer. Moreover, the defendants' effort to transfer this case to New Jersey, where they themselves have no ties, is no more susceptible to a charge of forum shopping than is the plaintiff's filing of this putative class action involving a New Jersey named plaintiff representing a class of New Jersey consumers asserting violations of New Jersey law. Indeed, it is less so; as they maintain, the defendants

have a significant interest in seeking the transfer of this case to a forum that likely has greater familiarity with the applicable law and where most witnesses are likely to be found.

The Court has no doubt that each side in this case seeks to litigate the case in the forum that it perceives as most favorable to its prospects of success, for whatever reason. But where, as here, there is no deference at all owed to the plaintiff's choice of forum, the case should go forward in the forum that best promotes the interests of justice and the convenience of potential witnesses. Here, that forum is New Jersey. This is a case that arose in New Jersey, is based on New Jersey law, and which is brought on behalf of New Jersey consumers. It belongs in New Jersey.

\* \* \* \* \*

For the foregoing reasons, the motion to transfer venue is granted.

Dated: December 4, 2015

John J. Tharp, Jr.
United States District Judge